a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEONTAY DESHUN HARDY,** Petitioner | **CIVIL DOCKET NO. 1:19-CV-1436-P** |
| **VERSUS** | **JUDGE DRELL** |
| **10TH JUDICIAL DISTRICT COURT,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Deontay Deshun Hardy ("Hardy"). Hardy is an inmate at the Natchitoches Parish Detention Center. Hardy claims that his arrest was unlawful.

Because Hardy has failed to comply with a Court Order (ECF No. 5), his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Hardy was convicted of attempted armed robbery and sentenced to serve 10 years at hard labor. *See* Civil Docket No. 1:19-CV-1467, ECF No. 1-2 at 5. The sentence was suspended, and Hardy was placed on probation for a term of five years. *See id.* at 5.

Almost eight months later, Hardy was arrested for another armed robbery and resisting an officer. Civil Docket No. 1:19-CV-1467, ECF No. 1-2 at 5. Because of the new arrest, Hardy's probation was revoked, and Hardy was ordered to serve the

original 10-year sentence with credit for time served. *See id.* at 15. Hardy filed a motion for reconsideration of sentence, which was denied. *See id.* at 3.

In this Petition (ECF No. 1), Hardy challenges the legality of his arrest on the new armed robbery charge, which is still pending. ECF No. 1.

Hardy was ordered to amend his Petition to show that he completely exhausted his claim in the Louisiana state courts. ECF No. 5.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

To date, Hardy has failed to comply with the Court's Order (ECF No. 5) to amend his Petition, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Hardy has failed to comply with the Court's Order (ECF No. 5), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and

Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE